[No. 4,305.]

# THE SAN FRANCISCO AND NORTH PACIFIC RAILROAD COMPANY *v.* FREDERICK A. BEE AND E. LATAPIE.

PROPERTY OF A CORPORATION.—The property of a railroad corporation is vested in its trustees, to be preserved by them as a fund to secure the creditors of the corporation.

FRAUDULENT CONVEYANCE BY A CORPORATION.—If the persons, interested in one railroad corporation, form a new one, which chooses for its officers the officers of the old corporation, and the persons owning the stock of the old corporation receive, in exchange therefor, stock of the new, and the trustees then cause the property of the old corporation to be conveyed to the new, the conveyance is a fraud upon the creditors of the old corporation.

EQUITY DOES NOT RELIEVE THOSE WHO HAVE BEEN GUILTY OF FRAUD.—The party who comes into a Court of Equity to enjoin a sheriff from selling real estate on an execution against the plaintiff's grantor, cannot obtain relief, if his purchase is tainted with fraud.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendant Bee had been in the employ of the San Francisco and Humboldt Bay Railroad Company, and sued them for his services. The case went to the Supreme Court, and is reported in the 46 Cal. p. —. He obtained a final judgment on the 21st of November, 1872, and on the 18th of September, 1873, obtained an execution on his judgment, which was placed in the hands of the defendant Latapie, who was Sheriff, and he advertised the ten miles of railroad, mentioned in the opinion, for sale. This action was commenced to enjoin the sale. The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*Douthitt* and *McGraw,* for the Appellant.

The deed in question is void, because a railroad company cannot convey all its property. It was held in *Miners Ditch Company* v. *Zellerbach* (37 Cal. 543) that a mining corporation could do so, and it was so held on the authority

of Massachusetts cases (see pp. 591–593). In that case, this Court is careful to limit their decision to the class of corporations there in question (see pp. 577, 578, 589, 590, 591, 592); and in the same State of Massachusetts, the doctrine we contend for is fully recognized and directly held, (*Commonwealth* v. *Smith,* 10 Allen, 456,) in which the Court directly holds that a railroad may not sell its road; " a manufacturing company may sell its mill, and buy another, but a railroad company cannot make a new railroad at pleasure."

We refer the Court to that case for a full discussion of principles and authorities.

Our statute makes the same distinction. Manufacturing, mining, mercantile, wharfing, trade, business and commercial corporations, are authorized to " purchase, hold, sell and convey, such real and personal estate as the purposes of the corporation shall require." (1 Hitt. Dig. Sec. 935, subdivision 3.) A railroad company is authorized: 1st. To convey any real estate held by voluntary grant or donation. (1 Hitt. Sec. 842, sub. 2.) 2d. To purchase, enter upon, and hold (but not convey), any land necessary for the construction of the road. (1 Hitt. Sec. 842, sub. 3.) 3d. To receive and convey any other property necessary for the construction and convenience of the road, " in order to transact the business usual to such railroad companies." (1 Hitt. Sec. 842, sub. 8.)

The deed is void, because there was no power conferred on the president and secretary to give away the property. The resolution of the directors gave them power to sell, but not to donate.

The attempted ratification of the stockholders was a ratification of a sale, not a gift, but was utterly void for any purpose, as it was passed at a special meeting, not called according to law, or the by-laws of the company.

The statute and the by-laws each required that a special meeting of stockholders should be called by a number of stockholders, owning not less than one third of the stock, upon thirty days' public notice in a newspaper, which notice should state the particular object of such meeting.

No other business than that mentioned in the notice could be transacted.   (1 Hitt. Dig. Sec. 831.)

In this case, at a meeting of stockholders held without any notice, and in which it does not appear that a majority of the stock of the company was represented, an attempt was made to ratify a deed giventhe same day.

The deed is void as against creditors of the S. F. & H. B. R. R. Co., for the reason that it was a sale by the directors to themselves, under another name.   (*San Diego* v. *S. D. & L. A. R. R. Co.* 44 Cal. 106; *Goodin* v. *C. W. Canal Co.* 18 Ohio State, 182; *P. Star Lodje* v. *P. Star Lodje*, 16 La. An. 76; *Aberdeen R. R. Co.* v. *Blakie*, 1 McQ. 471.)

The deed is void as against creditors of the San Francisco and Humboldt Bay Railroad Company, because the arrangement and understanding which resulted in the deed, were a violation of law, and particularly of 1 Hittel, Sec. 758. There was no consideration paid by the one corporation to the other.   The only consideration that passed was that the San Francisco and North Pacific Railroad Company gave its certificates of stock to the stockholders of the San Francisco and Humboldt Bay Railroad Company, but nothing was paid to the latter company as a .corporation. It is true, a consideration was intended, to wit: that the San Francisco and North Pacific Railroad Company was to pay the debts of the San Francisco and Humboldt Bay Railroad Company, but that intention was never expressed by the San Francisco and North Pacific Railroad Company as a corporation in such a way that the liability could be enforced against them on account of a promise to pay.   The whole transaction cannot be distinguished from that declared void as to creditors, on the ground that it was in effect a distribution of the capital stock in the shape of dividends, in violation of the section just above referred to. (*Martin* v. *Zellerbach*, 38 Cal. 300.)

*Daingerfield & Olney*, for the Respondent.

We cannot fully appreciate the force of the point made by appellants, viz: "The deed in question is void, because a railroad company cannot convey all its property."   If it

be good law that in conveying ten pieces of property which I may own, a mis-description of one be made in the deed, the whole conveyance fails, then there may be something in the point; but we imagine no one is bold enough to contend for such a proposition. But we shall contend and show, by reason and authority, that a railroad company can sell everything it possesses, except perhaps the franchise. In the *Miners' Ditch Co.* v. *Zellerbach* (37 Cal.) it was held that a mining corporation could do so, and there can be no reason why a railroad company, before they build their road, cannot sell everything they possess, for it is not compelled to build a road, and public policy cannot forbid it, for the reason that the public has no interest in a railroad until it is built; and every case in the books, wherein it is decided that a railroad company cannot sell its road, we venture to assert, has reference to an actual running road. This road was not a railroad, but a bed which was being prepared for a railroad. The case of *Commonwealth* v. *Smith* (10 Allen, 456), cited by appellants, was an actual railroad in operation.

We contend further, on this subject, that unless there are express words of prohibition restraining a corporation from making a sale, it has the same power that an individual has, and may sell anything which is not against public policy to dispose of. (2 Kent's Com. 2d ed. 281; Cormyn's Digest, Franchise F. 11–18; Kyd on Corporations, 108; Angells & Ames on Corporations. 2d ed. 125; *People* v. *Canal Commissioners,* 5th Denio, 401.)

They can dispose of both land and chattels. (*Barry* v. *Merchant's Exchange Co.* 3 Daly, 271; Angell & Ames on Corporations, Secs. 187, 188, 191.)

This is the law on the subject, for we have failed to find any legislative prohibition.

But whilst we contend that a railroad line may be sold before completion, by its directors, to a new company for the purpose of building a railroad for the use of the public, or, indeed, for any other purpose, we insist that a railroad in use cannot be sold under execution by the Sheriff; for, the public having an interest in it, it is against public

policy for a corporation or an officer of the law to destroy
the franchise. (Section 242, Vol. 2 Redfield on Railways,
and cases cited; Sec. 235, Id.)

The Legislature must prescribe the manner of collecting
debts against a corporation. (Id. cited.) It has failed to
do so, specially in regard to railroads, unless this should
be held to be a toll road, as appellants contend, and if so
the defendants totally failed to comply with the law in
levying the execution of *Bee* v. *The S. F. & H. B. R. R. Co.*

If the railroad can be sold, it must be the whole road.
(*Coe* v. *Columbus, Piqua & Indiana R. R. Co.* 10 Ohio.)

That the whole property, except the franchise, can be
sold, is shown by *Miners Ditch Co.* v. *Zellerbach*, 588 *et seq.*,
Id. 575; 3 Sand. 161; 1 Sand. 629; 1 Sand. Ch. 293, 295,
bottom page; 17 Barb. 378.)


By the Court, Wallace, C. J.:


The property levied upon to satisfy the judgment of Bee
against The San Francisco and Humboldt Bay Railroad
Company is admitted to have been formly the property of
that company. The judgment of Bee was rendered in
November, 1872 (upon an indebtedness existing as early as
July, 1869), and the execution thereon, issued in Septem-
ber, 1873, was levied upon property claimed by the cor-
poration plaintiff in this suit, The San Francisco and
North Pacific Railroad Company, and described in the
complaint as follows: "The road-bed for a distance of
ten miles north, commencing at Petaluma, being all the
lands or real estate, and all the bridges, embankments,
excavations, viaducts, culverts, trestlework, and other
superstructures and constructions, along the line of the San
Francisco and North Pacific Railroad, all in the county of
Sonoma,, State of California."

The complaint alleges that the corporation plaintiff, for
a valuable consideration, purchased this property from
The San Francisco and Humboldt Bay Railroad Com-
pany, and on the 17th day of November, 1869, obtained
from the latter corporation a deed of conveyance, convey-

ing all its right, title, and interest therein. The allega-
tion of a valuable consideration is denied in the answer,
which also avers that the deed referred to was executed
wholly without consideration of any kind; but at the trial
the Court below found the fact upon this point as follows:
"That on the 17th day of November, 1869, the plaintiff,
for a valuable consideration, purchased of the San Fran-
cisco and Humboldt Bay Railroad Company, the property
described in the complaint; and said plaintiff then became,
ever since has been, and still is, the exclusive owner
thereof." A decree having been thereupon entered in that
Court, perpetually enjoining the defendant Bee from caus-
ing the said property to be sold in satisfaction of the judg-
ment he had obtained, this appeal was taken; and one of the
points made for the appellant is that this finding is not
supported by the evidence. It appears that in March,
1868, The San Francisco and Humboldt Bay Railroad
Company was incorporated, and became the owner of the
property in controversy. This corporation seems never to
have been dissolved, but is yet *in esse.* On the 16th day of
November, 1869, the corporation, plaintiff here, was
attempted to be organized, and for the purposes of this
decision we will assume was in fact organized; and, as de-
scribed in its articles of incorporation, its road included
the road which was already owned and in process of con-
struction by the San Francisco and Humboldt Bay Rail-
road Company, and subsequently levied upon under the
execution already referred to. Its officers were the same
persons who were the officers of the San Francisco and
Humboldt Bay Railroad Company, and its stockholders were
also substantially the stockholders of the latter company,
each stockholder receiving stock of the new corporation cor-
responding in amount with stock held by him in the old one.
As observed already, the organization of the new corporation
was effected on the 16th day of November, 1869, on which
day its articles of incorporation were filed in the office of
the Secretary of State. On the 13th day of November,
1869, some three days previous, a resolution had been
adopted by the Board of Directors of the San Francisco

and Humboldt Bay Railroad Company authorizing the President and Secretary of that corporation to sell and convey, on such terms as they might deem expedient, all or any of its property; to execute and deliver all writings and conveyances necessary to that end and to affix the corporate seal thereto. Accordingly, on the 17th day of November, 1869, the next day after the organization of the corporation plaintiff, an indenture reciting this resolution and purporting to be in pursuance thereof was executed by the President and Secretary therein referred to, and delivered to the corporation plaintiff here, as grantee thereof. It recited a consideration of twenty thousand dollars paid in hand, and purported to convey to the corporation plaintiff the railroad in process of construction by the corporation grantor, including the road and property in controversy in this suit. It is not claimed now, as we understand it, that in point of fact any portion of the recited consideration, or any other consideration, was paid at the time, or afterwards, except that at some time, subsequently to the delivery of the deed, the grantee therein, or its President, extinguished some seven or eight hundred dollars of the indebtedness of the corporation grantor by the payment of fifty cents upon the dollar, and exacting from the creditor " a clean receipt for the whole amount." These are substantially the facts held by the Court below to amount to a purchase and sale for a valuable consideration, and one which in equity vested in the corporation plaintiff a title to the property superior to the claim of the defendant Bee, to have it applied in satisfaction of his debt.

In *Martin* v. *Zellerbach* (38 Cal. R. 300) it was held here that the property and assets of a corporation are vested in its trustees, to be preserved by them as a fund to secure the creditors of the corporation. By the thirteenth section of " An Act concerning corporations " (Acts 1850, 348) it is provided in substance that until its dissolution and the payment of its debts, it shall not be lawful for the trustees to make any dividend except from the surplus profits arising from the business of the corporation, nor to divide, withdraw, or in any way pay to the stockholders, or any of

them, any part of the capital stock of the company. The capital stock and the assets of the San Francisco and Humboldt Bay Railroad Company, therefore, constituted a fund, devoted by law to the payment of the debt to Bee, and the debts of that corporation, if any, to other persons; and it was certainly not competent to the members of that corporation to dissipate this fund and place it beyond the reach of creditors by merely going through the process of re-incorporation, taking on a new corporate name, transfering the assets of the old corporation to the new one without consideration, and issuing the capital stock in the new corporation to the holders of the capital stock of the old corporation. This transaction involved a breach of positive statute law. It was the dividing of the capital stock of the old corporation—the withdrawal of its assets, to the injury of its creditors—which is forbidden by the statute, and it should not be countenanced or aided by a Court of equity.

Judgment reversed and cause remanded, with directions to dismiss the action. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.