[S. F. No. 5892.   Department One.—August 6, 1912.]

VINCENT NEALE, Special Administrator of the Estate of James Laidley, Deceased, Appellant, v. ROBERT H. MORROW, Administrator With the Will Annexed of the Estate of A. E. Head, Deceased, Respondent.

APPEAL — JUDGMENT ENTERED ON DEMURRER SPECIFYING SEVERAL GROUNDS—REVERSAL OF JUDGMENT—RES ADJUDICATA AS TO SUFFICIENCY OF COMPLAINT.—Where a demurrer interposed to a complaint on several specified grounds is sustained by the trial court, an appeal

from the judgment entered thereon presents for review the suffi-
ciency of the complaint as against all of the grounds specified in the
demurrer, and the judgment of the appellate court reversing the
judgment is *res adjudicata* as to the sufficiency of the complaint as
against all of such grounds, notwithstanding the court, in its opinion
on such appeal, confined its discussion to one of the grounds of
demurrer.

ID.—OBJECTION THAT COMPLAINT FAILS TO STATE FACTS CONSTITUTING
CAUSE OF ACTION.—Where one of the grounds specified in such de-
murrer was the failure of the complaint to state facts sufficient to
constitute a cause of action, the trial court, after the reversal of the
judgment, was without power to further consider such objection, for
the reason that the appellate court had rendered an adjudication
thereon that forever concludes the matter.           '

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  George S. Sturtevant,
Judge.

The facts are stated in the opinion of the court.

Vincent Neale, *in pro. per.,* for Appellant.

R. H. Morrow, *in pro. per.,* and Garber, Creswell & Garber,
for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from a
judgment given in favor of defendant in an action upon a
promissory note.  The judgment was based upon an order
of the superior court, made September 6, 1910, sustaining an
objection interposed by defendant at the time the action came
on for trial that the supplemental and amended complaint
of the plaintiff on file in said action does not state facts
sufficient to constitute a cause of action.

The supplemental and amended complaint was filed Septem-
ber 18, 1903.  A demurrer was interposed thereto on Novem-
ber 9, 1903, the grounds thereof being (a), that the same
"does not state facts sufficient to constitute a cause of action
against this defendant" (b and c), that the cause of action set
forth is barred by the provisions of section 337 and 342 of the
Code of Civil Procedure (d), that said complaint is uncer-
tain in a certain respect, specifying it.  On February 23,
1904, the superior court made an order "that said demurrer

be and the same is hereby sustained with leave to the plaintiff to amend his said amended and supplemental complaint within ten (10) days." Plaintiff failed to amend, and judgment was thereupon given in favor of defendant. From this judgment an appeal was taken to this court. The appeal was decided by this court on February 2, 1907. The judgment given herein was as follows: "The judgment is reversed, with directions to the lower court to overrule the demurrer and allow the defendant to answer." The only question discussed by the court in its opinion was that presented by the objection that the alleged cause of action was barred by the statute of limitations. (See *Neale* v. *Morrow,* 150 Cal. 414, [88 Pac. 815].) On the going down of the *remittitur* from this court, the trial court overruled the demurrer in accord with the mandate of this court, and the defendant subsequently served and filed his answer. The case was set for trial, and when it was regularly called for trial the defendant made his objection that such complaint, which had not been changed in any respect since its filing on September 18, 1903, did not state facts sufficient to constitute a cause of action. As already stated, this objection was sustained by the trial court, and thereupon judgment was given for the defendant.

Upon this appeal defendant, conceding that all the questions as to the statute of limitations are settled by the decision of the court on the former appeal, endeavors to support the action of the trial court by pointing out certain particulars in which it is claimed that such complaint fails to state a cause of action. We see no escape from the conclusion that the sufficiency of this complaint against any objection that it fails to state facts sufficient to constitute a cause of action, in whatever form such objections may be made, is *res adjudicata* by the judgment given on the former appeal. In the language used in *Phelan* v. *San Francisco,* 20 Cal. 39, 45, "it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves." Under the circumstances here existing it can make no difference that this court in its opinion, on such appeal, confined its discussion to the question of the effect of the statute of limitations. The question of the sufficiency of the complaint against the objection of want of facts to state a cause

of action was presented by the demurrer, and was necessarily presented by the appeal to this court. If the complaint did not state facts sufficient to constitute a cause of action, the ruling of the trial court in sustaining the demurrer was correct, and the judgment should have been affirmed, even though the objections based on the statute of limitations were not well taken. (See *People* v. *Central Pacific R. R. Co.*, 76 Cal. 29, 43, [18 Pac. 90].) The judgment of this court reversing the judgment of the lower court, with directions to the lower court to overrule the demurrer, was necessarily an adjudication that the demurrer was not well taken; in other words, that the complaint did state facts sufficient to constitute a cause of action against defendant, that the cause of action therein set forth was not barred by either sections 337 or 342 of the Code of Civil Procedure, and that the complaint was not uncertain. As we have said, it can make no difference that the contentions now made were not discussed in the opinion. They were adjudicated against defendant by the *judgment* given by this court, for such adjudication was "actually and necessarily included therein or necessary thereto." (Code Civ. Proc., sec. 1911.) Section 434 of the Code of Civil Procedure has no application whatever to the matter under consideration. So far as pertinent, it simply provides that an objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur on that ground. The trial court was without power to consider such objections as are here urged for the simple reason that this court had rendered an adjudication thereon that forever concludes the matter.

The judgment is reversed.

Shaw, J., and Sloss, J., concurred.