[Civ. No. 1309.   First Appellate District.—March 11, 1914.]

JOHN W. KOCH, Appellant, v. THE SPEEDWELL
MOTOR CAR COMPANY (Pacific Coast Branch) (a
Corporation), Respondent.

APPEAL—JUDGMENT SUSTAINING DEMURRER—REASONS ASSIGNED.—A defendant cannot be deprived of the right to be heard on appeal upon any or all of the grounds of his demurrer, merely because the court below designated a single ground as the reason for its order sustaining the demurrer; if his demurrer is well taken upon any ground, the order sustaining it will be affirmed regardless of the reasons assigned therefor by the court below.

ID.—CORPORATION—CREATION OF NEW COMPANY—TRANSFER OF ASSETS—CREDITORS OF FORMER CORPORATION.—The identity of a corporation is not destroyed nor are its legal obligations obliterated by the mere fact of reincorporation under the same or a different name; and a transfer of the corporate assets from the old to the new corporation will, when warranted by the pleadings and proof, be considered, under the familiar principle applicable to fraudulent conveyances, as having been done to hinder, delay, and defraud the creditors of the old corporation.

ID.—PLEADING—WHEN DOES NOT SHOW CREATION OF NEW CORPORATION AND TRANSFER OF ASSETS TO IT.—But no such situation is presented by the complaint in this action to recover from a domestic corporation money alleged to have been paid to a foreign corporation, based on the theory that the foreign corporation organized the domestic corporation to take over the interest of the former theretofore conducted in the state by an individual, and turned over to the domestic corporation all of its business and assets previously in charge of such agent.   The pleaded facts and circumstances show merely the creation of a corporate agency rather than a merger of corporate identity.

ID.—MERGER OF CORPORATIONS—IDENTITY OF NAMES.—The mere fact that separately created and existing corporations bear the same name and deal in the same commodities will not suffice, even if the officers and stockholders of each corporation are the same, to create a merger of corporate capacity, identity, and liability.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Nowlin, Fassett & Little, for Appellant.

Samuel Knight, and Page, McCutchen, Knight & Olney, for Respondent.

LENNON, P. J.—The plaintiff's complaint purports to plead three causes of action, separately stated, against the defendant, the "Speedwell Motor Car Company (Pacific Coast Branch)," a corporation organized and existing under the laws of the state of California, for (1) the cancellation of a promissory note in the sum of one thousand dollars, executed by the plaintiff to the Speedwell Motor Car Company, a corporation organized and existing under the laws of the state of Ohio, in part payment of the purchase price of a motor car sold to the plaintiff by the latter corporation; (2) for the recovery of the sum of eight hundred and forty-eight dollars, alleged to have been paid by the plaintiff to the Ohio corporation on account of the purchase price of the motor car; and (3) for the value of sundry automobile accessories fitted by the plaintiff to the motor car in question, which were alleged to have been wrongfully appropriated and withheld by the Ohio corporation. Each of the several causes of action alleges in substance that the Ohio corporation, at the time of the making of the contract in question, was doing business in the state of California through the medium of an individual agent, one L. V. Lynch, from whom the plaintiff ordered a motor car at the agreed price of one thousand five hundred dollars; that the order as given to Lynch was accepted, and the car delivered by the Ohio corporation; that in payment for the car plaintiff gave the Ohio corporation the sum of five hundred dollars in cash, and his promissory note for the balance of the purchase price, and thereafter paid the further sum of three hundred and forty-eight dollars on account of the note. The plaintiff's complaint in each of the three causes of action further alleged in substance that the Ohio corporation, electing and attempting to rescind the contract of sale, took possession of the motor car, and refused to comply with the contract save upon the payment by the plaintiff of the sum of one hundred dollars in addition to the sum of one thousand five hundred dollars originally agreed upon as the purchase price of the motor car.

Upon the refusal of the plaintiff to amend his complaint after a demurrer thereto had been sustained, judgment was entered for the defendant corporation, from which an appeal has been taken by the plaintiff.

Plaintiff's complaint evidently proceeded upon the theory that the defendant corporation was part and parcel of the Ohio corporation, and, therefore, should be subjected to the judgment prayed for. In this behalf, and as a basis for each of the several causes of action, the plaintiff's complaint alleged that the defendant, "Speedwell Motor Car Company (Pacific Coast Branch)," was organized and financed subsequent to the transaction in suit by the Ohio corporation; that the Ohio corporation owned all but two shares of the capital stock of the defendant corporation; that the latter was "organized for the purpose of taking over the business theretofore conducted on the Pacific Coast by L. V. Lynch, an agent for the Speedwell Motor Car Company, an Ohio corporation," and that said Ohio corporation "turned over to said defendant corporation, the Speedwell Motor Car Company (Pacific Coast Branch), all of the business and assets on the Pacific Coast of the Speedwell Motor Car Co., an Ohio corporation, especially the business and assets theretofore in charge of its agent L. V. Lynch."

It is claimed upon behalf of the plaintiff that these facts are sufficient to show that both corporations are one and the same person in fact, law, and name. In other words, it is the contention of the plaintiff that all of the pleaded circumstances preceding, attending, and following the corporate creation of the defendant in this state show that the defendant was the Ohio corporation merely masquerading in California corporate costume; and that therefore the legal responsibility of the defendant arising out of the transaction involved in the present case is as a matter of law coexistent and co-ordinate with that of the Ohio corporation.

This contention of the plaintiff is rested mainly upon the doctrine declared in a series of cases in this and other jurisdictions, to the effect generally that a corporation cannot evade its just debts, avoid the obligations of its contracts, or be made immune against tortious 'conduct, by merely changing its name and assuming the outward form of a new corporation. (*San Francisco etc. R. R. Co.* v. *Bee,* 48 Cal. 398; *Blanc* v.

*Paymaster Mining Co.,* 95 Cal. 524, [29 Am. St. Rep. 149, 30 Pac. 765]; *Higgins* v. *California Pet. Co.,* 122 Cal. 373, [55 Pac. 155]; *Montgomery Webb Co.* v. *Dienelt,* 133 Pa. St. 585, [19 Am. St. Rep. 663, 19 Atl. 428]; *Hibernia Ins. Co.* v. *St. Louis etc. Transportation Co.,* 13 Fed. 516, [4 McCrary, 432]; *Douglas Printing Co.* v. *Over,* 69 Neb. 320, [95 N. W. 656]; *Long* v. *Typewriter Co.,* 1 Tenn. Ch. App. 668.)

We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action against the defendant corporation, and, therefore, it must be held that the demurrer was properly sustained, notwithstanding the fact that the lower court based its order sustaining the demurrer solely upon the ground that the plaintiff's three causes of action were uncertain in not respectively and specifically alleging that the note, money, and personal property in suit had been delivered into the possession of the defendant corporation. The defendant cannot be deprived of the right to be heard here upon any or all of the grounds of his demurrer merely because the court below designated a single ground as the reason for its order sustaining the demurrer. The effect of such an order is merely to give a reason for sustaining the demurrer; and so construed it was tantamount to an order sustaining the demurrer in its entirety. Therefore if the defendant's demurrer be well taken upon any ground the order sustaining the demurrer will be affirmed, regardless of the reasons assigned therefor by the court below. (*Wakeham* v. *Barker,* 82 Cal. 46, [22 Pac. 1131]; *Sechrist* v. *Rialto etc.,* 129 Cal. 641, [62 Pac. 261]; see, also, *Neale* v. *Morrow,* 163 Cal. 445, [125 Pac. 1052].)

The pleaded facts concerning the corporate creation of the defendant cannot be covered and controlled by the rule stated and applied in the series of cases hereinbefore cited, and so strongly relied upon by the plaintiff in support of the sufficiency of his complaint. The doctrine declared in those cases, as we understand it, is merely to the effect that where it is affirmatively alleged, or the pleaded circumstances show, that in truth the creation of a new corporation is but the continuation under a new charter of a pre-existing corporation, the new corporation will be held liable for the debts of the old corporation; and where all of the assets and property of the old corporation have been transferred to the new cor-

poration, such assets and property may be followed by a creditor of the old corporation, and be rightfully subjected to the satisfaction of a judgment obtained against the old corporation. In other words, it is the law generally that the identity of a corporation is not destroyed nor are its legal obligations obliterated by the mere fact of reincorporation under the same or a different name; and in such a case a transfer of the corporate assets from the old to the new corporation will, when warranted by the pleadings and proof, be considered, under the familiar principle of law applicable to fraudulent conveyances, as having been done to hinder, delay, and defraud the creditors of the old corporation.

No such situation is presented by the averments of the plaintiff's complaint in the present case. It does not appear, either expressly or impliedly, that the defendant corporation was created in California as a mere continuation of the Ohio corporation. It is not alleged that the entire business and assets of the Ohio corporation were assumed and absorbed by the defendant corporation; nor can it be fairly inferred from the pleaded facts of the present case, that the Pacific Coast business and assets of the Ohio corporation were transferred to the defendant corporation in furtherance of a fraudulent design to defeat the demand of the plaintiff. In other words, the allegations of the plaintiff's complaint do not compel the conclusion that the corporate identity and liability of the Ohio corporation were merged in the defendant upon the latter's creation in California. To the contrary it affirmatively appears that the defendant corporation and the Ohio corporation are, notwithstanding an identity of names and business, separate and distinct entities, existing and operating by virtue of separate and distinct charters. The mere fact that separately created and existing corporations bear the same name and deal in the same commodities will not suffice, even if the officers and stockholders of each corporation be the same, to create a merger of corporate capacity, identity, and liability. (Beale on Foreign Corporations, sec. 771; Thompson's Commentaries, etc., sec. 7437.)

Presumably the Ohio corporation is still in being, and, for aught that appears in the plaintiff's complaint, is sufficiently solvent, notwithstanding the transfer of a portion of its busi-

ness and assets to the defendant corporation, to satisfy the demands of creditors.

But apart from these considerations, it may be fairly inferred from the averments of the plaintiff's complaint that the Pacific Coast business and assets of the Ohio corporation were transferred to and held by the defendant corporation merely in the capacity of a general agent for the Ohio corporation. In short, the pleaded facts and circumstances of the plaintiff's complaint show merely the creation of a corporate agency rather than a merger of corporate identity. The question as to whether or not the defendant corporation could be legally created for the sole purpose of handling in a representative capacity the business of the Ohio corporation is not involved upon this appeal, and has therefore not been considered. Assuming the validity of such an agency, it follows that the legal liability of the defendant corporation upon the facts and circumstances of the present case is neither different from nor greater than that of an ordinary agent. Ordinarily an agent will not be held individually responsible for the obligations of his principal. It could not be successfully contended that plaintiff's complaint would have stated a cause of action against Lynch, the original agent of the Ohio corporation; and clearly a mere transfer of the Ohio corporation's Pacific Coast business and assets from Lynch to another individual agent, purely for the purposes of an agency, would not have made the latter responsible for the claim of plaintiff, nor have altered the situation of the parties to the present action with reference to their relative rights and obligations arising out of the transaction in suit. By a parity of reasoning it must be held that the mere fact that the Ohio corporation in good faith saw fit to transfer its agency on the Pacific Coast from a real to an artificial person of its own creation, would not in and of itself operate to fasten the legal liability for its pre-existing obligations upon the shoulders of its corporate agent.

The conclusion which we have reached and expressed concerning the sufficiency of the complaint necessarily defeats the plaintiff's cause of action against the defendant corporation, and renders unnecessary a determination of the question as to whether or not the demurrer was properly sustained upon

the ground of uncertainty in the particulars stated in the order of the lower court.

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1914, and the following opinion then rendered thereon:

THE COURT.—The application for an order transferring this cause to the supreme court is denied. We deem it advisable to say, however, that the recital in the opinion of the district court that the first cause of action stated in the complaint is an action to cancel a promissory note is incorrect. The action is a suit to recover money amounting to less than two thousand dollars, and the appellate jurisdiction thereof was in the district court of appeal. While the prayer of the complaint asks for the cancellation of the note, there are no allegations of fact upon which to grant equitable relief or invoke equitable jurisdiction.