[L. A. No. 5758. In Bank.—July 1, 1919.]

## In the Matter of the Estate of ELIZABETH B. ROSS, Deceased.

[1] ESTATES OF DECEASED PERSONS—ORDER COMPROMISING CLAIM— SUBSEQUENT ACTION DETERMINING RIGHT TO ENTIRE ESTATE—JUDGMENT BINDING UPON CLAIMANT.—Where an action on a claim against an estate was compromised pending appeal, the compromise approved by the court, and an order made for the sale of certain property of the estate to obtain the money necessary to pay the claimant the balance due under the compromise, the judgment in favor of the plaintiff in an action subsequently brought for specific performance of an agreement to make a testamentary disposition of the entire estate, wherein such claimant was made a party

defendant and issue joined on the illegality and fraudulent nature of his claim, is binding upon the claimant, and he cannot on distribution claim the balance due under the compromise, on the theory that the court in such action was without jurisdiction to nullify the orders made on the compromise of the litigation.

[2] JUDGMENT — FRAUD — PARTY GUILTY CHARGEABLE AS TRUSTEE.—
A court may in an equitable proceeding inquire whether a judgment valid on its face was obtained by fraud, and sometimes such judgment may be set aside, but even in cases where this relief cannot be had, a court of equity may prevent an inequitable advantage being taken of the judgment by adjudging the guilty beneficiary or his successor with notice a trustee for the defrauded party. This principle has frequently been applied with relation to probate decrees.

[3] ID.—COLLATERAL ATTACK—INSUFFICIENT COMPLAINT.—The failure of a complaint to state a cause of action is not a defect going to the jurisdiction of the superior court, and a judgment given upon such a complaint cannot be held void upon collateral attack.

[4] ID.—INSUFFICIENCY OF FINDINGS.—The failure of findings to support the judgment does not make the judgment void on collateral attack.

[5] APPEAL—ERRORS IN EXERCISE OF JURISDICTION—REMEDY.—Remedy for errors committed by the trial court in the exercise of its jurisdiction is by way of appeal.

APPEAL from orders of the Superior Court of Los Angeles County overruling opposition to petition for final distribution of estate of deceased person and denying petition for order directing payment of claim. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis P. Boardman and Davis, Kemp & Post for Appellant.

J. H. Merriam, G. Harold Janeway and Hunsaker, Britt & Edwards for Respondent.

ANGELLOTTI, C. J.—This is an appeal from two certain orders of the superior court overruling the opposition of appellant, one Robert E. R. Scanlan, to the petition of Maggie G. Steinberger for final distribution to her of the whole of the estate, and denying appellant's petition for an order directing the payment to him of the sum of eight thousand dollars, the amount of his asserted claim against the estate.

There is no conflict as to the material facts, which are substantially as follows: The deceased died intestate on January 5, 1910, leaving a considerable estate, included in which, according to the records at least, was a parcel of real estate in the city of Pasadena known as the Ross block. Appellant Scanlan claimed to be the owner of an undivided one-half of this property under a conveyance alleged to have been executed and delivered by deceased in the year 1907 to him and his mother, a sister of deceased, notwithstanding that prior to the death of deceased both appellant and his mother had apparently executed a reconveyance to deceased and this had been recorded. In this connection the claim of appellant was that this reconveyance had been executed solely for the purpose of insuring to deceased the possession and income of the property during her lifetime, and that it had been placed in the possession of a third person with the understanding that it was not to be delivered to deceased, but that contrary to such understanding it was so delivered and then recorded. Milton K. Young having been appointed administrator of the estate of deceased, appellant commenced an action against him to obtain a decree declaring the reconveyance invalid and that he was the owner of a one-half interest in said property. In this action the issues made by the pleadings were tried by a jury and a verdict given for appellant, on which judgment was entered in his favor. The trial court granted the defendant administrator's motion for a new trial, and appellant appealed from the order granting such motion. While this appeal was pending an agreement of compromise was made between the administrator and appellant, the substance of which was that in consideration of one thousand dollars to be paid at once, and of eight thousand dollars as soon as money therefor was available in said estate, appellant would abandon his action and he and his mother would execute a conveyance of the property to the administrator. The latter presented a petition to the department of the superior court in which the probate proceeding was pending, setting forth the facts relating to the litigation and compromise, and asking the court to approve the compromise. This petition was heard by the court without any notice being first given, and on February 26, 1912, an order was made approving the compromise and directing that it be carried into effect. No appeal was taken from this order. The one thousand dollars was paid to ap-

pellant, a conveyance of the property to the administrator was made by appellant and his mother, and a stipulation filed in the action providing for a final determination thereof against appellant and in favor of the administrator. A little later, on the application of the administrator, an order was made for the sale of certain property of the estate to obtain the money necessary to pay appellant the balance due under the terms of the compromise. No sale was ever made. It is not questioned that throughout the administrator acted in good faith and according to what he conceived to be for the best interest of the estate. Up to this time it was supposed that the lawful heirs of deceased were the only persons interested in the succession to her estate.

Subsequently, on August 14, 1912, one Maggie G. Steinberger commenced an action in the superior court of Los Angeles County, alleging an agreement between herself and her stepfather on the one part and deceased on the other, by the terms of which deceased had agreed that she would adopt said Maggie G. Steinberger, take her into her house, and treat her as her daughter, and that in consideration of her obedience, affection, and services she would be the heir of deceased and on the death of the latter would be entitled to all her property. She alleged full execution of the agreement on her part, and that she had thereby become the equitable owner of all the property of deceased, to the exclusion of her heirs at law. In that action the parties defendant were the administrator, the appellant here, and a number of other persons, including appellant's mother, alleged to be the only heirs at law of deceased. As to appellant, the plaintiff alleged the matters leading up to the compromise, the compromise agreement between the administrator and appellant, and the order of court for the sale of property to pay the eight thousand dollars agreed to be paid him. She further alleged that she was not a party to the compromise or to any of the proceedings in court relative to the same, that the claim of appellant to any portion of the property of the estate was wholly unfounded because founded on a purported deed made by deceased while she was wholly incompetent to make a conveyance, and further because appellant and his mother had reconveyed the property to deceased in her lifetime, and that the compromise was illegal and void. She asked for a decree adjudging her to be the owner of the entire property and to be entitled to

have the same distributed to her, and also that the administrator be enjoined from selling any portion of the estate for the purpose of paying appellant the sum claimed by him, and from paying any portion of such claim out of the funds or property of the estate. The administrator and appellant and certain others of the defendants answered denying the plaintiff's claim *in toto,* and appellant further specifically reasserted his original claim of ownership in the Ross block, the proceedings to enforce the claim, the compromise, the court orders approving the same, and that such orders had never been appealed from or vacated and were in full force and effect, and constituted a final adjudication of his rights. The findings of the court in that action were entirely in accord with the allegations of the plaintiff's complaint, and it was concluded that the purported compromise was neither fair, nor proper, nor binding as against the plaintiff Steinberger. Judgment was accordingly given that said Steinberger was the equitable owner of all the property of deceased; that the defendant heirs at law held the legal title in trust for the benefit of plaintiff, that none of said defendants had any right or beneficial interest therein. It was further adjudged that the administrator be enjoined and restrained from making any sale of any of the property of the estate for the purpose of raising funds with which to pay appellant said eight thousand dollars or any part thereof, and that he be enjoined and restrained from paying to appellant said sum or any part thereof out of any of the funds or property belonging to the estate.

From this judgment an appeal was taken to this court by all the defendants, and on May 9, 1917, the judgment was affirmed. (*Steinberger* v. *Young et al.,* 175 Cal. 81, [165 Pac. 432].) No point appears to have been made upon that appeal as to any want of jurisdiction on the part of the trial court to embody in its judgment the provisions relative to the claim of appellant, and the matter was not discussed in the opinion of this court, but this fact is altogether immaterial in determining the effect of the judgment. (See *Neale* v. *Morrow,* 163 Cal. 445, [125 Pac. 1052].)

After the aforesaid judgment had become final following its affirmance upon appeal, the administrator of said estate presented to the court in which the proceedings in the matter of said estate were pending his final account and petition for the

distribution of said estate to said Maggie G. Steinberger in accordance with the aforesaid judgment. Thereafter, and on February 20, 1918, the appellant herein presented and filed his opposition to said distribution, together with his petition for an order directing the administrator of said estate to pay to him the sum of eight thousand dollars out of the funds and property of said estate in accordance with the terms of said compromise and of the order of said probate court approving the same. In his said petition the appellant herein set forth the facts relating to the institution and trial of the action of *Steinberger* v. *Young et al.*, and of the judgment rendered therein, but averred that the prior determination of the probate court, as embodied in its order approving said compromise, and directing said administrator to pay said sum of money to the appellant, was a final determination of said matter and of all matters involved therein, and that the trial court in the case of *Steinberger* v. *Young et al.* was without jurisdiction to review the validity of said compromise or of the order of the probate court approving the same, or to enjoin the administrator from paying to the appellant the sum agreed to be paid therein; wherefore, the appellant prayed for an order directing the administrator to pay him said sum. To this petition the respondent herein, Maggie G. Steinberger, appeared and filed her opposition in the form of a demurrer to the sufficiency thereof, and also and at the same time filed her answer thereto, wherein she again set forth in detail the matters which she had averred in her complaint in the case of *Steinberger* v. *Young et al.*, and which matters the court upon the trial of said cause had adjudicated in her favor, together with the further fact that the judgment therein had been affirmed and became final upon appeal. The court overruled said demurrer, but proceeded to trial upon the issues raised by the answer to said petition, and after a hearing thereon made its findings of fact and conclusions of law reciting the history of the whole complicated series of proceedings and determining that the findings and judgment of the trial court in the case of *Steinberger* v. *Young et al.*, as to all of such matters, was a final adjudication thereon, and hence that appellant was thereby barred and estopped from prosecuting or maintaining his opposition to the distribution of said estate, and that said administrator was precluded and debarred from paying petitioner any sum out of the

funds of said estate. From the orders thereupon made over-ruling the appellant's opposition to the distribution of said estate and dismissing his said petition this appeal has been taken.

This somewhat extended statement has been deemed essential to a proper understanding of our brief discussion of the questions that we consider determinative of this appeal.

[1] Manifestly, if the judgment in the action of *Steinberger* v. *Young et al.* was in no respect in excess of the jurisdiction of the superior court rendering it, appellant's claim of right to participate in the property of the estate is foreclosed thereby. He was made a party to that action for the purpose of having his rights in regard thereto determined, issues were made thereon, and a judgment was given which in substance and effect debars him from such participation. While the judgment in this respect is perhaps not as happily expressed as it might have been, being simply a permanent injunction restraining further proceedings on the part of the administrator looking to the sale of property for the satisfaction of appellant's claim, or the payment of the claim or any part thereof out of funds or property belonging to the estate, such is its necessary effect. By the judgment his alleged right was, in effect, directly adjudged within the meaning of subdivision 2 of section 1908 of the Code of Civil Procedure, the diversion of any part of the property of the estate to the payment of his alleged claim being thereby forbidden. The effect of this judgment if accepted as a valid judgment *in toto* is not disputed by appellant, whose real claim is that the portion of the judgment relative to the claim of appellant was absolutely void because in excess of the jurisdiction of the court giving it, the theory, in short, being that it constituted an attempt on the part of the court to enjoin the execution of valid decrees of the superior court sitting in probate and practically nullify the same, notwithstanding that they had become final. The answer to this claim is very simple. It was not sought in *Steinberger* v. *Young, supra,* to vacate or annul the orders of the probate department of the superior court on which appellant relies for the award to him of eight thousand dollars from the funds and property of the estate of Elizabeth Ross, and no such relief could properly have been awarded the plaintiff in that action. (See *Larue* v. *Friedman,* 49 Cal. 278, 284; *Sohler* v. *Sohler,* 135 Cal. 323, [87 Am. St.

Rep. 98, 67 Pac. 282].)  In so far as the action related to
appellant, it was an action in equity against him on the part
of the plaintiff alleging herself to be entitled to all the prop-
erty of the deceased, for the purpose of foreclosing his claim
to any part thereof based on orders of the probate court ille-
gally and fraudulently obtained.  If it had been that by force
of such orders he had already been paid the eight thousand
dollars from the funds of the estate, the relief sought would
have been a decree adjudging that he held the same in trust
for plaintiff because the orders under which he had obtained
the same had been illegally and fraudulently obtained to the
detriment of the plaintiff who was the real beneficial owner
of the property.  As was said in *Title Ins. Co.* v. *California
Development Co.*, 171 Cal. 208, [152 Pac. 557]:  **[2]**  "It is
elementary that the courts of this state may in an equitable
proceeding inquire whether a judgment valid on its face was
obtained by fraud.  Sometimes such judgment may be set
aside, but even in cases where this relief cannot be had a
court of equity may prevent an inequitable advantage being
taken of it [the judgment] by adjudging the guilty benefi-
ciary or his successor with notice a trustee for the defrauded
party."  This principle has frequently been applied with
relation to probate decrees.  (See *Campbell-Kawananakoa* v.
*Campbell*, 152 Cal. 201; [92 Pac. 184]; *Bacon* v. *Bacon*, 150
Cal. 477, [89 Pac. 317]; *Estate of Walker*, 160 Cal. 547, [36
L. R. A. (N. S.) 89, 117 Pac. 510]; *Sohler* v. *Sohler*, 135 Cal.
323; [87 Am. St. Rep. 98, 67 Pac. 282].)  Here the property
sought to be improperly diverted had not yet come into the
possession of the appellant, and consequently all the equitable
relief essential in regard thereto was the decree forbidding
the actual appropriation of any of the funds or property of
the estate, to all of which the plaintiff was adjudged to be
entitled, to the payment of any part of his, Scanlan's, claim.
Such a decree rests upon the same basis as those involved in
the cases just cited, and is within the well-recognized jurisdic-
tion of a court of equity.  (See *Larue* v. *Friedman*, 49 Cal.
278.)  We are of the opinion that there is no force in the
claim that any portion of the judgment in *Steinberger* v.
*Young* was in excess of the jurisdiction of the court ren-
dering it.

It is urged that neither the complaint nor findings in
*Steinberger* v. *Young, supra,* in allegations and statement of

facts, showed anything in the way of extrinsic fraud or other matter justifying the portion of the judgment complained of. The theory appears to be that this is a matter going to the jurisdiction of the court to give such judgment. Manifestly, there is no force in this claim. Assuming appellant to be correct in his view as to pleadings and findings, the objections amount to nothing more than that the complaint in this respect failed to state a cause of action, and that the findings fail to support the judgment. **[3]** It is thoroughly settled in this state that the failure of a complaint to state a cause of action is not a defect going to the jurisdiction of the superior court, and that a judgment given upon such a complaint cannot be held void upon collateral attack. In this connection it is only necessary to refer to our recent decision in *Gillespie* v. *Fender, ante,* p. 202, [180 Pac. 332]. **[4]** Of course the same thing is true as to an objection that the findings do not support the judgment given. We are not here concerned with any question as to the correctness of the judgment given by the superior court in *Steinberger* v. *Young, supra,* except in so far as the court may have exceeded its jurisdiction, and there is no basis for holding that the judgment was in any respect in excess of the jurisdiction of the superior court. **[5]** Appellant's remedy for any errors committed by the trial court in the exercise of its jurisdiction was, of course, by way of appeal.

It follows from what we have said that the lower court was not in error in its conclusion that appellant was barred and estopped from asserting his claim by the judgment in *Steinberger* v. *Young, supra.*

The orders appealed from are affirmed.

Lennon, J., Shaw, J., Olney, J., Wilbur, J., Melvin, J., and Lawlor, J., concurred.