## JOHNSON v. WILSON.

### In re MINA GOLD MINES CO.

### No. 9580.

Circuit Court of Appeals, Ninth Circuit.

March 27, 1941.

558

See, also, 18 F.Supp. 927.

Painter, Withers & Edwards, by T. L. Withers, all of Reno, Nev., for appellant.

Emerson J. Wilson, of Reno, Nev., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

*Motion to dismiss and motion to supplement the record.* Wayne T. Wilson, the defendant below, hereafter called Wilson, in whose favor the judgment was given, thereafter died; appellee was substituted as the party appellee by order of this court. Appellee has moved to dismiss this appeal on the ground that judgment had been entered by the district court on May 10, 1939, a motion for a new trial denied on November 4, 1939, and that not until June 6, 1940, was there filed a notice of appeal.

Accompanying the notice of motion to dismiss is a transcript of the record certified by the clerk of the district court. This transcript contains a notice of appeal of June 6, 1940. It is agreed that the record of the district court contains an earlier notice of appeal filed on December 19, 1939, appealing from the judgment of May 10, 1939, and coming within thirty days of the denial of the motion for a new trial. The transcript contains a stipulation of the parties designating what shall constitute the record on appeal. In this stipulation there is no agreement for omitting any notice of appeal. Rule 75(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that whether or not designated the clerk of the district court shall include in the transcript of the record on appeal the notice of appeal. The clerk failed to include the notice of December 19, 1939.

Quite likely the reason for this omission is because the record was not finally agreed upon by the parties until June 6, 1940—that is after an elapse of time in excess of that allowable by the district judge for the filing here of the transcript of the record on the earlier notice of appeal.

■ However, since this court has the power to consider the appeal though the filing of the record came after the time allowable by the district court, (Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 104 F. 2d 83, 84), the clerk should have included the notice of appeal of December, 19, 1939, and left to our discretion the disposition of the appeal. Since the record presents a strongly arguable claim of error and the delay is not shown to have prejudiced the appellee, we consider the appeal of December 19, 1939, on the judgment of May 10, 1939. The motion to dismiss the appeal is denied.

The judgment of May 10, 1939, states: "It is ordered that judgment be, and the same hereby is, granted in favor of defendant upon the ground that the evidence is insufficient to establish that defendant had reasonable cause to believe that a preference would thereby be effected by the payments in question to him made and by the action sought to be recovered. The plaintiff is granted an exception to this order. The Court reserves jurisdiction to later file an opinion and to make any further orders in the case."

■ It is claimed that though the judgment is instantly granted by the words "It is ordered that judgment be, and the same hereby is, granted in favor of defendant," it is not final because the court reserves jurisdiction to write an opinion and to make further orders in the case. The reserved right to file an opinion is not inconsistent with the finality of the judgment. A reservation to make further orders does not mean orders inconsistent with the finality of the judgment. Such orders well may have to do with costs or the execution

of the orders in connection with the appeal. We deem the judgment final.

### The merits of the Appeal.

Appellant, plaintiff below, sued Wilson to recover moneys paid to himself as an individual in an attempted partial discharge of an antecedent debt while he was a trustee and manager of the Mina Gold Mines Company and within four months prior to filing an involuntary bankruptcy proceeding against it, when that corporation was insolvent and when he had reasonable cause to believe that such payments would constitute a preference and enable him to secure a greater percentage of the debt than could be obtained by other creditors of the same class.

Appellant's amended complaint below alleged that appellant had claimed these payments were preferential in a proceeding before the referee in bankruptcy, in which Wilson sought to have allowed his claim against the bankrupt and appellant had contended it should not be allowed because of his preferred payments to himself. It also alleged the referee had adjudicated in that proceeding that they were such preference payments to Wilson in the following order:

"Order

"The trustee's objections to Amended Claim No. 11, being the claim of Wayne T. Wilson in the sum of Eighteen Hundred Seventy-five Dollars ($1875.00), came on for hearing before the undersigned Referee in Bankruptcy pursuant to due and legal notice thereof at the hour of 10:30 A. M., on the 15th day of May, 1935, and was continued throughout the 15th and 16th days of May, 1935.

"The claimant appeared in person and the trustee appeared in person and by his attorneys, Messrs. Painter, Withers & Edwards.

"The Referee having heard the evidence introduced and having considered the files and records in the case,

"Finds:

"1. That the Mina Gold Mines Company, was on January 4, 1934, and at all times thereafter was, insolvent.

"2. That throughout the existence of the bankrupt corporation Wayne T. Wilson was attorney for the bankrupt and that from November 20, 1933 up to a few days before the filing of the petition in bankruptcy on the 20th day of February, 1934, was trustee of the bankrupt corporation and was in sole charge of the bankrupt's business, books and records and hence, is chargeable with the actual knowledge of the bankrupt's insolvency on January 4, 1934, and thereafter.

"3. That the payments by Wayne T. Wilson as trustee to himself on his personal account on the following dates and in the following amounts, to-wit:

January 4, 1934, the sum of..... $1,083.17
January 30, 1934, the sum of..... 409.00
February 10, 1934, the sum of... 532.00

were payments made by the bankrupt while insolvent to a creditor who was chargeable with actual knowledge of such insolvency and constituted a preference.

"It is Therefore Hereby Ordered:

"1. That said claim be disallowed as filed.

"2. That said claim be allowed as a general claim in the sum of Three Thousand and Forty-nine Dollars and Ninety-six Cents ($3,049.96).

"3. That the sum of Two Thousand and Twenty-four Dollars and Seventeen Cents ($2,024.17) admitted in said claim to have been paid to the said Wayne T. Wilson, be adjudged a preference and that the trustee be, and he is hereby instructed to pay no dividends on account of said claim until said preference shall have been fully paid; and that the trustee be, and he is hereby further instructed that in the event the dividends payable in said estate on said claim are not sufficient to off-set said sum of Two Thousand and Twenty-four Dollars and Seventeen Cents ($2,024.17) adjudged to be a preference, that the trustee be, and he is hereby instructed to take steps to collect the same from the said Wayne T. Wilson.

"4. That the said Wayne T. Wilson be given ten (10) days from the date hereof within which to apply for a Writ of Review to the District Court.

"Dated this 16th day of May, 1935.
        "Felice Cohn
            "Referee in Bankruptcy."

It further alleged that there was no application for a writ of review on this order, that it has become a final adjudication in the bankruptcy proceeding, and that it is binding as an adjudication on both Wilson and the trustee of the bankrupt. Wilson's amended answer admits these allegations to be true.

Appellant claims that since the amended answer admits an adjudication that the amounts sued for were such preferential payments, the court should have given judgment for the plaintiff. In effect, the error claimed is that the judgment is not supported by the pleadings.

Appellee's brief admits the order is a final adjudication, but claims that paragraph 2 of the order "That said claim be allowed as a general claim in the sum of Three Thousand and Forty-nine Dollars and Ninety Six Cents ($3,049.96)" should be considered by itself and, since there was no finding of a surrender by Wilson of the preferences paid himself,[1] this is a final adjudication that these payments were not preferential in character and hence the referee had no power to hold, as she did in paragraph 3, that the $2,024.17 "be adjudged a preference."

With this we cannot agree. The referee had jurisdiction to determine Wilson's payments to himself to be preferential in character in the course of allowing or disallowing Wilson's claim against the bankrupt's estate. 11 U.S.C.A. § 93, sub. g; 11 U.S.C.A., § 11, sub. a (2); Id. § 66. Having done so, the fact that upon this adjudication she made an erroneous order allowing the claim (assuming paragraph 2 can be detached from paragraphs 1 and 3 of the order) is mere error which permitted appeal, but which is not a ground for a collateral attack on the adjudication of the preference.

Likewise as to appellee's claim that, although there was a finding that the payment "constituted a preference" and that Wilson, the company's trustee, was in sole charge of its business and knew of its affairs, because there was no specific finding that Wilson "had reasonable cause to believe that * * * the transfer would cause a preference"[2] the adjudication that the payment was a preference is a nullity. We do not agree. Even assuming the finding to be insufficient, this is mere error, the subject of a review by the district court but not a ground of collateral attack. In re Field's Estate, 40 N.M. 423, 60 P.2d 945,

951; In re Ross' Estate, 180 Cal. 651, 182 P. 752, 755; Cf. Chicot County District v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329; Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331; Swift & Co. v. United States, 276 U.S. 311, 326, 48 S.Ct. 311, 72 L.Ed. 587; Des Moines Navigation Co. v. Iowa Homestead Co., 123 U.S. 552, 559, 8 S.Ct. 217, 31 L.Ed. 202.

The judgment is reversed and the case is remanded with instructions to enter judgment for the appellant as plaintiff below.

Reversed.

---

[1] "g. The claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances, void or voidable under this title, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances." 11 U.S.C.A. § 93g.

[2] "b. Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. * * *" 11 U.S.C.A. § 96, sub. b.