[L. A. No. 431.    Department One.—Nov. 19, 1898.]

P. C. HIGGINS, Respondent, v. CALIFORNIA PETROLEUM AND ASPHALT COMPANY et al., Appellants.

Mining—Joint Lease by Several Owners—Rights of Lessors and Grantees.—If a joint lease of adjacent parts of a mine by adjoining owners of the several parts, reserving royalties as rent to be paid jointly to the lessors, contains no covenants as between the lessors, either of them, or the grantee of either of them, may mine on his portion of the leased premises, without incurring any liability to the other lessor.

Id.—Conveyance of One Lessor to Lessee—Covenant for Royalty.—Upon conveyance by one of the lessors to the lessee, the right

of such lessee as owner to work the part of the mine conveyed without liability to the other lessor is in abeyance, and the lessee is not by such conveyance absolved from the covenant to pay royalty to the other lessor.

ID.—CONVEYANCE BY LESSEE TO THIRD PERSON.—In case of conveyance by the lessee to a third person not an assignee of the lease, the right to work the part of the mine conveyed without liability to the other lessor is revived in favor of such third person.

ID.—IDENTITY OF CORPORATIONS LESSEE AND GRANTEE—FINDING.—A finding that a lessee corporation which received a conveyance from one of the lessors was identical with its alleged grantee, and that the mining operations conducted by the grantee corporation were, in reality, conducted by the lessee corporation, supported by evidence that the new corporation was substantially a reorganization of the old one, and was only the old one under a new name, for the purpose of evading the obligations of the lease, is sufficient to sustain a judgment against both corporations for royalties in favor of the other lessor for mining done after the transfer from the old to the new corporation.

ID.—NOMINAL TRANSFER—CONSTRUCTIVE FRAUD.—A mere nominal transfer by a lessee corporation to another corporation organized for the same purpose, with the same officers and the same place of business, without any consideration to the lessee corporation for the transfer, which was evidently made to prevent the lessor from collecting royalties under the lease, is constructively fraudulent as matter of law as against such lessor, and does not affect the responsibility of both corporations to him for the royalties reserved in the lease.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. B. Cope, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellants.

S. J. Parsons, E. M. Selby, and W. S. Day, for Respondent.

THE COURT.—This is an action by one of the lessors in a lease of certain asphalt mines to recover royalties reserved in the lease. The facts as to the lease, and the conveyance by Mary A. Ashley, the other lessor, to the California Petroleum and Asphalt Company of a portion of the leased premises, are set out in the case of *Higgins v. California etc. Co.*, 109 Cal. 304, and need not be here repeated. After the decision of that case the defendant therein conveyed to the Alcatraz Asphalt Company, a corporation (also made a defendant in this case), the

property so conveyed to it by Mary A. Ashley.  Since that conveyance the latter corporation has mined and taken from the premises so conveyed to it large quantities of bituminous rock, for which royalties are claimed by the plaintiff.  Prior to that conveyance the former company had also mined and taken from the same premises other bituminous rock, for which the plaintiff also claims royalties.  The plaintiff had judgment against the former company for the royalties accruing prior to the transfer to the latter company, and against both companies for those accruing after that transfer.  From the latter portion of the judgment both companies have appealed, but no appeal has been taken from the former portion.

The appellants contend that the latter company, being the owner of the land, and not being an assignee of the lease, is not liable on the covenants of the lease, and that the former company had done no mining on the land after the transfer, and therefore cannot be held liable for any royalties subsequently accruing.

The lease in question contains no covenants as between the lessors, and therefore either of them, or the grantee of either of them, might mine bituminous rock on his portion of the leased premises without incurring any liability to the other lessor. When Mary A. Ashley conveyed her land to the lessee this right fell into abeyance, because the lessee, as decided in the case referred to, was not by that conveyance absolved from its covenant to Higgins; but upon the conveyance by it to a third person, not an assignee of the lease, this right would revive in favor of its grantee; and such grantee would not be liable to Higgins for any mining it might do on that portion of the land.  If this were the whole case, the judgment would therefore be erroneous.

But the court below found in substance that the California Petroleum and Asphalt Company and the Alcatraz Asphalt Company (its alleged grantee) are identical, and that the mining operations conducted by the latter company on this land were in reality conducted by the former company.  On this ground, the respondent contends that both companies are liable for the royalties in question.

We think that there was evidence to sustain this finding.  It

shows that the new company was substantially a reorganization of the old one. In the old company there was only one real stockholder, and all of the stock issued by the new company was issued to him, the sole consideration being a debt which the old company owed him. It is true that shortly afterward he transferred some of his stock to some eastern capitalists, and had this in view when the new company was formed. But we cannot agree with appellants that this fact affects the case. The old company received no part of the consideration for that transfer; the objects of the two corporations were substantially the same, each had the same officers and the same place of business, and the old corporation conveyed to the new one substantially all of its property, and practically went out of business upon making that transfer.

The evidence, moreover, strongly suggests, if it does not establish, that the main, and perhaps the sole, purpose of this organization was to evade the obligations of this lease. While transferring to the new company its land and all of the business and assets, it retained the lease, which could be of no avail in its hands. It is a legitimate inference that this was done purposely, and, if so, the only possible object would be to prevent Higgins from collecting royalties. The old company was to continue to be the lessee, but was to do no mining; while it was to permit the new company, its *alter ego*, to mine without any responsibility therefor. We therefore think that the court below was justified in holding that the new company was only the old one under another name; and that being so, it is plain that their responsibility to Higgins was not impaired by this merely nominal transfer. (*San Francisco etc. R. R. Co. v. Bee*, 48 Cal. 398; *Blanc v. Paymaster Min. Co.*, 95 Cal. 524; 29 Am. St. Rep. 149.) It is true that the court did not find that there was any actual fraud in the transaction; but we think that such a transfer as against the holder of an existing obligation is constructively fraudulent as a matter of law. The parties may have supposed, and no doubt did suppose, that the transaction was a legal and valid one, but in so acting they acted at their peril.

The portion of the judgment appealed from is affirmed.

Hearing in Bank denied.