## LOUISIANA & ARKANSAS RY. CO. v. HELVERING, Com'r of Internal Revenue. No. 6057.

Court of Appeals of the District of Columbia.
Argued Feb. 14, 1934.
Decided March 12, 1934.

Ferdinand Tannenbaum, of New York City, for petitioner.

Sewall Key, S. Dee Hanson, E. B. Prettyman, and S. S. Faulkner, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from the Board of Tax Appeals.

On June 11, 1928, the petitioner, Louisiana & Arkansas Railway Company, a Delaware corporation, entered into a contract with a Louisiana corporation bearing the same name, to wit, Louisiana & Arkansas Railway Company, whereby the Louisiana corporation sold and transferred all of its assets of every kind to the petitioner, and the petitioner assumed all of the indebtedness, liabilities, and obligations of the Louisiana corporation, of whatever kind or nature.

Afterward, to wit, on October 8, 1930, the Board of Tax Appeals in an appeal from the Commissioner determined a deficiency against the Louisiana corporation in the sum of $15,721.21 for the calendar year 1921. In December, 1930, this deficiency was paid to the collector of internal revenue for the District of Arkansas, but no interest was then or has since been paid thereon.

On June 13, 1931, the Commissioner determined a deficiency in the sum of $7,802.12, against the petitioner as transferee of the assets of the Louisiana corporation, for interest remaining unpaid upon the foregoing deficiency. In support of this determination the Commissioner stated that the Louisiana corporation after the transfer of its property to the petitioner was, and ever since had been, without assets of any kind out of which its liability for federal income taxes for the year 1921 might be satisfied; that the property transferred by the Louisiana corporation to the petitioner possessed a net value in excess of the amount of the deficiency in controversy; and that by reason of the transfer of all of the property and assets of the Louisiana corporation to the petitioner, petitioner became liable as transferee for the payment of the deficiency in controversy.

The petitioner appealed from this determination of the Commissioner to the Board of Tax Appeals, praying that the Board might hear the proceeding upon the facts, and determine that no deficiency existed against the petitioner.

It appears from the record that at the hearing of the appeal before the Board it was argued by the petitioner's counsel that the Board was without jurisdiction to hear and pass upon the question at issue; and this notwithstanding the fact that the appeal had been taken by the petitioner to the Board. The Board overruled this contention and held that it was invested with jurisdiction to hear and pass upon the appeal. The Board then affirmed the determination of the Commissioner.

The petitioner has applied to this court for a review of the Board's decision, contending, among other things that it was error for the Board to hold that it possessed jurisdiction to determine the issue in this case, and also error for it to find that petitioner as transferee is liable for the interest in question.

We agree with the decision of the Board. It is clear that the petitioner as transferee became liable for the unpaid income taxes of the transferor for the year 1921. Philips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289. Under section 250 (b), Revenue Act of 1921 (40 Stat. 1083), interest as prescribed in the act accrued and became payable upon notice and demand as part of the deficiency. The calculation of these sums is not in dispute, and the payment of part of the total amount in December, 1930, did not estop the government from collecting the unpaid residue.

This conclusion is supported by the provisions of section 280 (a), Revenue Act of 1926, 26 USCA § 1069 (a), reading in part as follows:

"Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds).

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or War-Profits Tax Act.

"(2) * * * Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax."

Therefore the liability of petitioner as the transferee of property in this case, for the deficiency including interest thereon, should be assessed, collected, and paid in the same manner as in the case of a deficiency imposed directly upon the petitioner. Ac-

cordingly, the deficiency may be determined by the Commissioner with an appeal to the Board as in other cases, and the method of assessing and collecting the taxes may be similarly pursued. Since the enactment of section 280 (a), supra, the Board of Tax Appeals has adopted this construction in the cases of Henry Cappellini v. Commissioner of Internal Revenue, 16 B. T. A. 802; Louis Costanzo v. Commissioner of Internal Revenue, 16 B. T. A. 1294; J. E. Duval v. Commissioner of Internal Revenue, 21 B. T. A. 1357; Wayne Body Corp. v. Commissioner of Internal Revenue, 24 B. T. A. 524.

The determination of the Board of Tax Appeals in the present case is affirmed.