**CONTINENTAL BAKING CO. v. HELVER-ING, Commissioner of Internal Revenue.**

**No. 6150.**

**United States Court of Appeals for the District of Columbia.**

Argued Nov. 13, 1934.

Decided Dec. 24, 1934.

J. Nelson Anderson, of Washington, D. C., for petitioner.

Sewall Key, E. Barrett Prettyman, T. M. Mather, Robert H. Jackson, and Ellis N. Slack, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decision of the Board of Tax Appeals determining deficiencies in income taxes against the petitioner, the Continental Baking Company, in the amounts of $447.42 and $2,451.92, for the fiscal year ending June 30, 1924, and for the period from July 1, 1924, to January 10, 1925, respectively.

It appears that the Commissioner undertook to collect from the petitioner company certain unpaid income taxes which had been assessed on September 24, 1927, against the Livingston Baking Company, an Illinois corporation, on the basis that petitioner company was the transferee of the assets of the Livingston Company.

On January 10, 1924, the Continental Baking Corporation, a Maryland corporation, and separate and distinct from the petitioner, which is a Delaware corporation, became the owner of all the outstanding shares of the capital stock of the Livingston Baking Company, with the exception of directors' qualifying shares. All the assets of the Livingston Baking Company, excepting the motor vehicles, which were transferred as of January 1, 1927, were transferred to the petitioner company on September 18, 1926, in exchange for 151 shares of its non-par value stock and the assumption by the petitioner company of "all existing liabilities" of the Livingston Baking Company. The assets transferred were of a value equal to the stock issued therefor; the stock having a value at this time of approximately $10,000 per share, or $1,510,000.

It appears from the balance sheet of the Livingston Company as of September 18, 1926, that the existing liabilities did not include the taxes here in question. Notice of these tax deficiencies was not given until September 24, 1927; over a year after the sale of the assets and the assumption of the liabilities. They were, however, additional taxes pending at the time the assets and liabilities of the Livingston Company were transferred to petitioner company, since they were due from the Livingston Baking Company for the fiscal year ending June 30, 1924, and for the period from July 1, 1924, to January 10, 1925; therefore the only question here presented is whether the petitioner is liable at law or in equity as a transferee for the additional taxes alleged to be due from the Livingston Company.

Section 280 (a) of the Revenue Act of 1926, 44 Stat. 9, 26 USCA § 1069 (a) (1), provides: "The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected and paid in the same manner and subject to the same provisions and limitations as in

the case of a deficiency in a tax imposed by this chapter. * * * (1) The liability, at law or in equity, of a transferee of property· of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter or by any prior income, excess-profits, or War-Profits Tax Act."

By the Treasury Regulations 69, promulgated under the Revenue Act of 1926, article 1291, entitled "Claims in Cases of Transferred Assets," income or profits taxes imposed by the 1926 act, or by prior acts, whether the same is shown on the return of the taxpayer or is later determined as a deficiency in the tax, are assessable against the transferee, and are to be collected as in the manner provided for the collection of deficiency taxes. The term "transferee" is defined in the regulation as follows: "The term 'transferee' as used in this article includes an heir, legatee, devisee, distributee of an estate of a deceased person, the shareholder of a dissolved corporation, the assignee or donee of an insolvent person, the successor of a corporation, a party to a reorganization as defined in section 203 of the act (26 USCA § 934), and all other classes of distributees."

It is contended by the petitioner company that it is not liable for the taxes in question, because they were not included in the liabilities listed on its balance sheet at the time the contract was made. Aside from the possibility that the books may not reflect all existing liabilities, the further fact that notice of the deficiency was not served. upon the company until about a year after the date of the contract renders the showing made by the company's books of little or no importance.

■ We are ·of the opinion that such a liability may be imposed upon a transferee of the assets of a corporation against whom a tax was levied; providing that under the contract of purchase the transferee assumed the liability or received property against which the taxes constituted a· lien. The mere fact that a claim for deficiency taxes is unknown at the date of the transfer does not relieve the transferee from liability. In Heyward v. United States (C. C. A.) 2 F.(2d) 467, where a partnership in 1919 conveyed its assets to a corporation in exchange for its stock, and the corporation carried on the business in which the partnership was engaged until December, 1922, when it was adjudged a bankrupt, and the

Commissioner in 1923 assessed additional excess-profit taxes against the partnership for the year 1917 and filed a claim with the trustee of the estate of the bankrupt corporation, the court, holding the transferee corporation liable, said: "The liability of the partnership was for a tax. That tax accrued in 1917, and then became a lien against the property of the partnership. The corporation took this property subject to the tax lien, because it had notice through, the former partners, Marshall and Crandall, who are chargeable with notice, although the assessment was not recorded until after the partnership assets were acquired."

And in the case of In re Glover-McConnell Company, 9 F.(2d) 683, 686, where the facts were substantially the same as in the Heyward Case, the District Court, following that case, said: "So far as the assets delivered over by the partnership to its successor corporation are concerned, they were charged with a lien for this tax, though its existence was not then apparent and the amount had not been fixed, the corporation being charged with notice through its ·officers, the former partners."

The contract, under which the assets of the ·Livingston Company were conveyed to petitioner company, was not put in evidence, and the case is submitted upon parol evidence as to the terms upon which the transfer was made. But the ·minutes of the meeting of the board of directors of petitioner company appear in which the proposal of the Livingston Company to convey to petitioner company all of its "properties and assets of. every kind and· nature, 'tangible or intangible, including the business as a going concern, and the goodwill of said corporation, as of September 18, 1926, excepting motor vehicles, which shall be transferred as of January 1, 1927, * * * and to take such steps as may be necessary to acquire said properties ·and .assets and assume all existing liabilities of said corporation." The proper officers of the petitioner company were then "authorized and directed upon the delivery to this corporation of all conveyances, bills of sale, assignments, agreements, and ·other instruments of transfer of said properties and assets, to issue and deliver to said corporation certificate for 151 shares of stock of this corporation without nominal or par value."

There is no evidence that this tax liability was not specially included in the list of liabilities assumed by the transferee com-

pany at the time of the transfer. This may well be, since the tax had not been ascertained or determined by the Commissioner at that time, but the evidence is clear that, in the purchase of the assets of the Livingston Company, petitioner company assumed "all existing liabilities." Inasmuch, therefore, as the tax was legally assessed against property conveyed to petitioner company, and constituted a liability of the Livingston Company at the time of the transfer, we think these facts, in conjunction with the evidence disclosed by the minutes, showing the sweeping character of the transfer, including all the property, liabilities, and good will of the Livingston Company, are ample to sustain the finding of the Tax Board.

The decision of the Board is affirmed.