### CALIFORNIA IRON YARDS CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 7837.

Circuit Court of Appeals, Ninth Circuit.
March 20, 1936.

Robert A. Littleton, of Washington, D. C., and Harry G. McKannay, of San Fran-

cisco, Cal. (W. W. Spalding, of Washington, D. C., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, John G. Remey, and Berryman Green, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the decision of the Board of Tax Appeals. The Commissioner held that the California Iron Yards Corporation, petitioner, was a transferee of the California Iron Yards Company and thus liable as a transferee under section 280 of the Revenue Act of 1926, 44 Stat. 61 (see 26 U.S.C.A. § 311 and note). Upon appeal, this determination was sustained by the Board of Tax Appeals, and the petitioner seeks to review that decision.

The tax involved is for the years ending January 31, 1918, January 31, 1919, and January 31, 1920, in the respective amounts of $544.66, $22,060.35 and $11,440.60. The same tax for the same years was involved in our decision in California Iron Yards Company v. Commissioner of Internal Revenue, 47 F.(2d) 514. The principal question involved in our previous decision was whether or not the statute of limitations had run against the assessment. The appellant in that case was California Iron Yards Company, which had forfeited its charter by reason of nonpayment of state license taxes. The contention was made in that case that the California Iron Yards Company, having ceased to exist as a corporation, its officers had no authority to sign a waiver on behalf of the corporation. We held that the waiver was effective so far as the federal government was concerned, and sustained the Board of Tax Appeals which upheld the Commissioner in his determination of the tax. That decision was rendered February 9, 1931, and became effective July 8, 1931. This tax has not been paid. While proceedings were pending before the Board of Tax Appeals upon the deficiency notice against the California Iron Yards Company, the proceedings in this case were commenced by the Commissioner for the assessment of the tax against the California Iron Yards Corporation as transferee of the assets of the California Iron Yards Company. These proceedings were initiated by deficiency notices mailed on June 28, 1926, for the years ending January 31, 1918, and January 31, 1919, under the then recently enacted provisions of the Revenue Act of 1926, 44 Stat. 61, 280 (a) (1), (d), 26 U.S.C.A. § 311 and note. As to the year ending January 31, 1920, the proceedings were initiated by a deficiency notice dated April 7, 1931. From the deficiency notices the petitioner sought a review before the Board of Tax Appeals, and the proceedings before it were evidently stayed pending the decision by this court in the proceedings initiated against the California Iron Yards Company.

On April 23, 1934, the Board filed its memorandum opinion and on April 26, 1934, affirmed the tax against the petitioner in accordance with the deficiency notices theretofore mailed.

In the petition to this court for review of the decision of the Board of Tax Appeals it is alleged that the petitioner, which we will hereinafter call "the corporation," was organized to take over the business of the California Iron Yards Company, which we will hereinafter call "the company." It is alleged that on December 8, 1920, the corporation succeeded to the business of the company by the receipt of all the property and assets of the company and the assumption of the payment of all its debts; that the stockholders of the company became the sole stockholders of the petitioner by issuance of petitioner's stock direct to them. It is alleged that the transaction was in effect a consolidation of the two corporations.

The petitioner contends that inasmuch as the Board of Tax Appeals found that the "petitioner is the same corporate entity as the company," that therefore the entire proceedings for the assessment of tax against the petitioner as a transferee is useless. Thus petitioner contends that it is not a transferee of the company, but is the company, and consequently the deficiency notices "now relied upon by respondent are second deficiency notices which the law prohibits. * * * that is * * * the deficiency notice that may be sent must be within the period of five years after the return is filed or such period as extended by waiver. In this case the period of limitation expired December 31, 1925." Upon the same premise, petitioner contends that the prior proceeding against the company "is res judicata on the issue of alleged transferee liability."

If we regard the two corporations as identical, there was, of course, no transfer

and could be none, and by the same token the corporation would be liable for the tax assessed against the company without the necessity of any of the proceedings against it as transferee. The logical result of this situation would be that the corporation should either pay the tax or submit to the distraint of its property without contest. The petitioner has never acknowledged that it was liable for the taxes assessed against the company. Through the same officers it vigorously contested the obligation of the company, and, when it was finally determined that the company was liable for a tax, it now vigorously contends that it is not liable for the debts of the company because it is in fact the company—a manifest absurdity.

The situation is not as simple as the petitioner contends. There is no doubt that for certain purposes the law would regard the two corporations as identical, the assets of the company having been transferred to the corporation and the stock having been issued to the stockholders of the corporation in the same proportion in which they held the stock of the company. The practical result of the change was that the capital of the old company was increased. But the Board was not in error in holding that for the purpose of assessing a transferee tax the new corporation was distinct from the old and had acquired all the assets of the old corporation without any consideration moving from the corporation to the company. The Board of Tax Appeals did state arguendo in its memorandum opinion that in substance the petitioner is nothing more than a reincorporation of the company. But it also held that "The transaction between the Company and the petitioner divested the transferor of all assets, and thereafter all of the petitioner's outstanding stock, except a few shares, was owned by stockholders of the Company. The Company carried on no business after the transfer and lost its corporate rights and powers March 5, 1921, for failure to pay the state license tax, due January 1, 1921. The suspended rights have never been restored. The petitioner carried on its activities in the same place and manner as the Company." The Board of Tax Appeals also said: "The evidence, in our opinion, establishes that the petitioner received assets of the Company of a net value considerably in excess of the claim being asserted here. Orders will be entered herein finding the transferee liability of the peti-

tioner to be the amount of the unpaid taxes plus interest thereon from February 26, 1926, at the rate of 6 per cent per annum."

This finding, instead of holding that the two corporations are identical, expressly holds that the company transferred its assets and ceased thereafter to exist, and that the petitioner received these assets in pursuance of such transfer. The Board also held that the petitioner had assumed and agreed to pay the liabilities of the company and that included therein was the liability of the company to pay the taxes in question. It matters not that the Board of Tax Appeals referred to the incorporation of the petitioner, the transfer of the assets of the company to it, and the subsequent demise of the company, as in substance a reincorporation of the company. The fact is that we are dealing with two corporate entities, and that the Commissioner is seeking by this proceeding, authorized by statute, to collect the tax due from the company as against the property of the company acquired by the petitioner by means of an assessment of the tax against the transferee. This statutory proceeding is in lieu of an action at law or in equity to enforce the tax by judicial proceedings. Revenue Act 1926, § 280 (a), (1), supra; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

Our decision that the two corporate entities are distinct for the purpose of assessing a transferee tax disposes of the petitioner's contention that the assessment of the tax against it is barred by the statute of limitations. A petition filed with the Board of Tax Appeals by the California Iron Yards Company suspended the running of the statute of limitations for the making of an assessment against that company until sixty days after the decision of the Board became final. Section 277 (b), Revenue Act 1926, 44 Stat. 58, as amended by section 504 (a) Revenue Act 1928, 45 Stat. 870, 26 U.S.C.A. § 277 and note. The decision of the Board did not become final until July 8, 1931. Consequently, the notices to the petitioner as transferee having been given before the expiration of the period of a year after the final decision of the Board was within the statutory period (sections 280, 281, Revenue Act 1926, 44 Stat. 61, 62); Buzard v. Helvering, 64 App. D.C. 268, 77 F.(2d) 391.

What we have said also disposes of petitioner's contention that the order fixing his tax as against the company is res judicata

as to the present proceeding. As we have already pointed out, the two proceedings are distinct and the two corporate entities cannot be disregarded; or if they can, it is not incumbent upon the Commissioner to attempt the collection of a tax by the seizing of the property of the corporation without a determination by the Board of Tax Appeals or by the court that the property in the hands of the corporation is liable for the tax. See Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399.

██ The petitioner contends that the proceeding in this matter was void because of the fact that the petitioner is a taxpayer within the meaning of the Revenue Act, and that there was pending before the Board of Tax Appeals a proceeding for the fixing of the tax of the taxpayer, and that this second proceeding for the fixing of a tax against the corporation as taxpayer is unnecessary and invalid. This contention, however, overlooks the fact that the word "taxpayer" throughout the Revenue Act refers to the one liable in the first instance for the payment of the tax as distinguished from one who becomes liable by reason of being a transferee. This distinction is pointed out in the Circuit Court of Appeals for the Second Circuit in Michael v. Commissioner, 75 F.(2d) 966. The proceeding in the present case is not against tthe taxpayer as such, but one to enforce the obligation of a third party by a proceeding in the nature of a supplementary proceeding, or of an independent action at law or in equity to subject the property transferred, or rather its owner, to the liability under which it rested while in the hands of the transferor. Inasmuch as the government could have gone forward in the first instance against the transferee, there is no incongruity in carrying on the two proceedings at the same time, particularly where it is manifest that the transferor has disposed of all its property and proceedings against the transferor would be unavailing. See Helvering v. Wheeling Mold & Foundry Co. (C.C.A.) 71 F.(2d) 749; U. S. v. Fairall (D.C.) 16 F.(2d) 328; U. S. v. Garfunkel (D.C.) 52 F.(2d) 727; Hatch v. Morosco Holding Co. (C.C.A.) 50 F.(2d) 138. The question is one wholly of procedure, and there is no requirement in the statute making the transferee's liability to an assessment dependent upon the making of an assessment against the transferor.

Flynn v. Commissioner (C.C.A.) 77 F.(2d) 180.

██ Petitioner contends that it paid "a bona fide and adequate consideration for the properties and there is no transferee liability." Section 280 of the Revenue Laws of 1926 does not by its terms exclude transferees who have paid full consideration for the property transferred. However, it is not necessary to decide the question of whether the terms of the statute were intended to be applicable to transferees of the property for an adequate consideration, for the petitioner in this case is not a transferee for consideration as regards to creditors of the company. The stock of the corporation, transferred as the alleged consideration, was not paid to the company for its assets, but was issued directly to the shareholders of the company in proportion to their stockholdings in the company. Consequently, the company, as an entity, received nothing for the transfer of its assets, and the corporation, as the transferee, was equitably liable to the creditors of the old corporation to the extent of the value of the property conveyed. Blanc v. Paymaster Mining Co., 95 Cal. 524, 30 P. 765, 29 Am.St.Rep. 149; Higgins v. California Petroleum & Asphalt Co., 122 Cal. 373, 55 P. 155; Stanford Hotel Co. v. M. Schwind Co., 180 Cal. 348, 181 P. 780; Hibernia Ins. Co. v. St. Louis & New Orleans Transp. Co. (C.C.) 13 F. 516; Grenell v. Detroit Gas Co., 112 Mich. 70, 70 N.W. 413; Shamrock Oil Co. v. Commissioner (C.C.A.5) 77 F.(2d) 553, decided May 14, 1935. Furthermore, the transferee was liable by reason of its agreement to pay the debts of the transferor, the company. It has been held by the Circuit Court of Appeals for the Fourth Circuit that the agreement of the corporation to pay the debts of the company can be enforced by the government by proceeding for the assessment of the tax against the transferee (Helvering v. Wheeling Mold & Foundry Co., 71 F.(2d) 749), and we are in accord with that decision. The petitioner contends that inasmuch as the amount of the tax was not ascertained at the time of the transfer, the agreement to pay the debts of the corporation should not be construed to cover such a tax, but the decisions upon that subject are to the contrary. Continental Baking Co. v. Helvering, 64 App.D.C. 112, 75 F. (2d) 243; Hatch v. Morosco Holding Co. (C.C.A.) 50 F.(2d) 138; Louisiana & Ark.

R. Co. v. Helvering, 63 App.D.C. 120, 70 F.(2d) 286.

Petitioner claims that the transferee liability does not exist in the case at bar because the transaction between the two companies was a taxable transfer of assets under section 202 (b) of the Revenue Act of 1918 (40 Stat. 1060). This proposition is not raised by the assignment of errors, but in any event it is clear that the taxability of the transfer between the two corporations is entirely irrelevant. This is not a proceeding to enforce a transfer tax, but to enforce a tax which arose during the ownership of the property by the original taxpayer against its assets which have been transferred to the petitioner.

Order affirmed.