[L. A. No. 17079. In Bank.—November 30, 1939.]

LUSANNAH C. SHEA et al., Appellants, v. J. B. LEONIS, Sr., et al., Respondents.

Chapman & Chapman and Decoto & St. Sure for Appellants.

Gibson, Dunn & Crutcher, S. M. Haskins, Frederic H. Sturdy, Ira C. Powers, Young & Kelly, Edward R. Young and Frank R. Johnston for Respondents.

THE COURT.—A rehearing was ordered herein in order to give further consideration to the contentions of the defendants. A reexamination of the questions raised on the appeal has confirmed the conclusions reached in the former opinion. We therefore adopt as the opinion of this court on rehearing the opinion prepared by the late Justice Seawell and previously filed, as follows:

"This is an action to recover accrued rent in the sum of $16,833.33, with interest, and also taxes and assessments in the amount of $5,435, which the lessee agreed by the lease to pay. Plaintiffs appeal from the judgment entered for defendants upon counts one, two, four and five of the complaint after the sustaining of defendants' general and special demurrers to said counts.

"Defendant J. B. Leonis, Inc., assignee of a ninety-nine year lease, transferred said lease to defendant Boyle Avenue

Investment Company. The rent herein sued for accrued subsequent to this transfer. The court below held good count three of the complaint, which states a cause of action against Boyle Avenue Investment Company as last assignee of the lease. The court also held good count six as against J. B. Leonis, Inc. Said count alleged that by the terms of the lease an assignment thereof did not operate to release the assignor from liability on the lease if at the time of the assignment it was in default as to any terms of the lease. It averred that J. B. Leonis, Inc., was in default upon the covenants of the lease on December 21, 1931, when it assigned said lease to Boyle Avenue Investment Company.

"It appears from the counts involved on this appeal that defendants J. B. Leonis, Sr., and J. B. Leonis, Jr., own all stock of J. B. Leonis, Inc., which is described as a 'financially responsible company'. The stock of Boyle Avenue Investment Company stands in the names of J. B. Leonis, Jr., and Adelina F. Leonis, his wife. The theory of plaintiffs is that defendant Boyle Avenue Investment Company is but the *alter ego* of its stockholders, and that it was organized for the sole purpose of taking an assignment of the lease and is without other assets, with the result, plaintiffs contend, that the separate corporate identity of said company should be disregarded and its stockholders held for the rent herein sued for.

"It is alleged in count 1 that the stock of Boyle Avenue Investment Company, in the names of J. B. Leonis, Jr., and Adelina F. Leonis, is held for J. B. Leonis, Sr., and J. B. Leonis, Jr., against whom judgment is prayed for in this count. In count 2 it is alleged that the stock is held for J. B. Leonis, Inc.; in count 4, that J. B. Leonis, Jr., and Adelina F. Leonis are themselves the beneficial owners; and in count 5, that it is held for J. B. Leonis, Sr., J. B. Leonis, Jr., and J. B. Leonis, Inc. Each count prays for judgment against the parties, respectively, for whom the stock of Boyle Avenue Investment Company is alleged to be held.

"We entertain no doubt that if Boyle Avenue Investment Company was organized as above outlined its separate corporate existence should be disregarded and its liability as last assignee of the lease held to be the liability of the persons who are the beneficial owners of all its corporate stock. Defendants point to cases which hold that if the lessor

does not restrict assignment to solvent transferees, an assignment may lawfully be made to an insolvent. (*Johnson* v. *Sherman,* 15 Cal. 287 [76 Am. Dec. 481]; *Lindley* v. *Sale,* 140 Cal. App. 662, 668 [36 Pac. (2d) 130].) These cases are not controlling in the circumstances set out in the complaint. The stockholders of the corporation assignee, Boyle Avenue Investment Company, while enjoying the benefits of the lease, cannot equitably claim that they may escape its burdens through the device of taking the assignment of lease in the name of a corporation which is without other assets and has been organized by them for the purpose of taking such an assignment.

■ ''Corporate separate existence will be disregarded where to recognize it would be to sanction a fraud or promote injustice. (*Minifie* v. *Rowley,* 187 Cal. 481 [202 Pac. 673]; *Erkenbrecher* v. *Grant,* 187 Cal. 7 [200 Pac. 641].) For example, a debtor may not evade payment of his debts by forming a corporation which does not assume the debt and thereafter transferring all his assets to it. (*Higgins* v. *California Petroleum & Asphalt Co.,* 122 Cal. 373 [55 Pac. 155]; *Stanford Hotel Co.* v. *M. Schwind Co.,* 180 Cal. 348 [181 Pac. 780]; *Grotheer* v. *Meyer Rosenberg, Inc.,* 11 Cal. App. (2d) 268 [53 Pac. (2d) 996]; *Sunset Farms, Inc.,* v. *Superior Court,* 9 Cal. App. (2d) 389 [50 Pac. (2d) 106].) The equitable principle underlying these decisions is equally applicable where, as in the instant case, the device adopted is not a transfer of assets, but an attempt to avoid liability for benefits enjoyed by means of taking the obligation in the name of a specially organized corporation which has no other assets.

■ ''As to the count which avers that the stock of the newly organized Boyle Avenue Investment Company is held for J. B. Leonis, Inc., the corporation assignor, and that the new company was organized for the purpose of terminating liability of the assignor, it may be said in addition that the assignment is, in effect, as plaintiffs allege, no assignment at all and that the new corporation is but the old one under another name. An assignee cannot escape liability by an assignment which is merely colorable. (1 Tiffany, Real Property [2d ed.] 184; 16 R. C. L. 866.)

■ ''An action against defendants for rent accruing under the lease within four years of action brought is upon the written contract of lease (*Stanford Hotel Co.* v. *M.*

*Schwind Co.,* 180 Cal. 348 [181 Pac. 780] ), and hence would not be barred by the statute of limitations.

''We conclude that the several counts state a cause of action against the parties which they, respectively, seek to hold, with the exception that count five states no cause of action against Adelina F. Leonis, but only as to defendants J. B. Leonis, Sr., and J. B. Leonis, Jr., and J. B. Leonis, Inc. Count four, based on the theory that J. B. Leonis, Jr. and Adelina F. Leonis are beneficial owners of the stock of Boyle Avenue Investment Company, properly includes Adelina F. Leonis as a party against whom recovery is sought, but it is not averred in count five that she has any beneficial interest in said stock, with the result that in said count five liability against her on the theory of disregard of the corporate identity is not made out.

''The defendants also filed special demurrers urging uncertainty and ambiguity in several particulars. We are of the view that the complaint is not subject to special demurrer in any of the particulars relied on.''

The judgment for defendants entered upon demurrer is reversed except as to the judgment for Adelina F. Leonis on the fifth count of the complaint, which is affirmed, appellants to recover costs.