**Curtis B. DALL, Petitioner-Appellant,**
v.
**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**
**No. 131, Docket 23595.**

United States Court of Appeals
Second Circuit.
Argued Dec. 13, 1955.
Decided Dec. 28, 1955.

23. Outer Harbor Dock & Wharf Company v. City of Los Angeles, 1920, 49 Cal.App. 120, 133, 193 P. 137, 142.

Alexander Kahan, New York City (Kermit F. Kip, New York City, on the brief), for petitioner-appellant.

Davis W. Morton, Jr., Atty., Dept. of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

■■■ The taxpayer-appellant here contests a deficiency assessment in his 1946 income tax, based upon his failure to include in his return the value of property received by him upon the settlement of a derivative action brought by him against the Tennessee Gas and Transmission Company, of which he was a stockholder, director, and former president. This suit had been instituted by him in 1945 in a federal court in Illinois, and it was settled by an agreement approved by court order in January, 1946, which provided that he should receive, in addition to counsel fees and expenses, certain shares of company stock—of the value of $15,235.42, as determined by the Commissioner—"in further reimbursement of all expenses thus far incurred * * * in the litigation * * * and to be incurred * * * in connection with the procuring of * * * quantities of natural gas for your Company * * *." The Commissioner has allowed credit for expenses incurred in the litigation; and there were no further expenses, since the taxpayer's project for procuring quantities of natural gas was never completed. The taxpayer returned a part of the amount received as income for the year 1945; but the Commissioner has found this to be income for 1946 and so, returning the amounts collected for 1945,[1] has assessed the entire balance received in the tax for 1946. Before the Tax Court, petitioner contended that he should be allowed to spread this sum under § 107(a) of the 1939 Code, 26 U.S. C. § 107(a), as compensation for personal services rendered over a 36-month period; but the Tax Court held that it did not so qualify, 23 T.C. 580. Now he contends that it is not income at all, being returns or accretions of capital or else a windfall.

■■■ It is well settled that, absent unusual circumstances justifying a different rule in the interest of justice, a taxpayer cannot raise new grounds on his petition for review not presented to the Tax Court. Helvering v. Wood, 309 U.S. 344, 348–349, 60 S.Ct. 551, 84 L.Ed. 796; Hormel v. Helvering, 312 U.S. 552, 556–557, 61 S.Ct. 719, 85 L.Ed. 1037; Nicholson v. C. I. R., 10 Cir., 218 F.2d 240. Here there seems no reason for departure from the orderly processes set up by Congress for the consideration and disposition of tax matters. All grounds now taken by the taxpayer were fully open to him in the Tax Court, and his entirely different contention here cannot be received. We add that we do not find merit in it anyhow. The amount in question, though designated as money for future "expenses," was an actual receipt in the year in question, potentially subject to later deductions which never materialized; there seems no real intent that taxpayer should return any balance to the company, as he now asserts; and in any event, since he received the money under claim of right, he is taxable for it. United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560; North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197. His attempt to categorize his acquisition as a "windfall" (because *illegally* retained) does not help him in the light of C. I. R. v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, reversing Id., 3 Cir., 211 F.2d 928, upon which he had relied.

Affirmed.

---

1. Taxpayer now asserts that (presumably as a result of error in calculation) the Commissioner has given him credit for $3,185.30 less than the amount he actually returned in his 1945 return. But that return is not before us and cannot here be considered. See Rosenthal v. C. I. R., 2 Cir., 205 F.2d 505, 511–512.