KAMEN SOAP PRODUCTS CO., Inc., alleged transferee of Rae Kamen, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

KAMEN SOAP PRODUCTS CO., Inc., alleged transferee of Abraham L. Kamen, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 33, 34, Dockets 23508, 23509.

United States Court of Appeals Second Circuit.

Argued Feb. 16, 1956.

Decided March 8, 1956.

Samuel E. Hirsch, Chicago, Ill. (J. Stanley Halperin, New York City, on the brief), for petitioner.

L. W. Post, Atty., Dept of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Atty., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CLARK, Chief Judge.

This is a petition for review of decisions of the Tax Court sustaining respondent's determination that petitioner is liable as a transferee under § 311 of the Internal Revenue Code of 1939, 26 U.S.C. § 311, for income tax deficiencies and for the unpaid balances of income taxes for the years 1945 and 1946 of Rae Kamen and Abraham L. Kamen, alleged transferors. The total amounts of these deficiencies and unpaid balances were for Rae Kamen $99,843.25 and for Abraham Kamen $105,792.20, making a grand total of $205,635.45.

Abraham and Rae Kamen, husband and wife, were the sole partners of Kamen Soap Products Co., a partnership engaged in the business of manufactur-

ing and selling industrial soap and related products. Petitioner corporation was organized on January 28, 1946, for the purpose of taking over the assets and business of the partnership, which ceased business activities on January 31, 1946. Petitioner acquired the assets of the partnership, except cash in the amount of $880.91, pursuant to a written agreement, under the terms of which petitioner agreed to assume the personal liabilities of the Kamens for income tax, as well as the liabilities of the partnership to its creditors, and further agreed to issue to the copartners 1,000 shares of its stock having a par value of $100,000. Pursuant to this agreement all the assets of the partnership were transferred to petitioner as of January 31, 1946, in the total net amount of $493,212.04; at that time the partnership liabilities amounted to $161,896.36. Upon the transfer of assets to petitioner the partnership dissolved and ceased doing business.

The government has attempted by a number of means to collect directly from the Kamens the deficiencies and unpaid balances owed by them for 1945 and 1946, but with negligible success. These tax liabilities resulted principally from the inclusion in their gross income for each of the years 1945 and 1946 of their respective distributive shares of the net income of the partnership for its fiscal year ended on March 31, 1945, and for the period from April 1, 1945, to January 31, 1946. The question now presented is whether or not these personal tax liabilities of the Kamens may be enforced against petitioner as their alleged transferee.

■ First, we conclude that the interest of the Kamens as partners in the assets of the partnership being defined by statute as property was necessarily "property of a taxpayer" within the meaning of the Internal Revenue Code of 1939, § 311(a) (1). See N.Y. Partnership Law §§ 50–52, McK.Consol.Laws, c. 39, being §§ 24–26 of the Uniform Partnership Act; Commissioner of Internal Revenue v. Whitney, 2 Cir., 169 F.2d 562, 567, 568, certiorari denied 335 U.S.

892, 69 S.Ct. 246, 93 L.Ed. 429; Randolph Products Co. v. Manning, 3 Cir., 176 F.2d 190, 193.

■ Next, we conclude that by reason of the contract under which it assumed the personal tax liability of the Kamens, petitioner became liable to the United States, the real party intended to be benefited by the agreement. Under the clear precedents this liability at law was sufficient alone to subject petitioner to transferee liability under the statute. American Equitable Assur. Co. of New York v. Helvering, 2 Cir., 68 F.2d 46; Helvering v. Wheeling Mold & Foundry Co., 4 Cir., 71 F.2d 749, certiorari denied Wheeling Mold & Foundry Co. v. Helvering, 293 U.S. 603, 55 S.Ct. 119, 79 L. Ed. 695; Continental Baking Co. v. Helvering, 64 App.D.C. 112, 75 F.2d 243, certiorari denied 295 U.S. 756, 55 S.Ct. 914, 79 L.Ed. 1699.

■ Petitioner contends, however, that by its terms the contract was applicable to 1945 tax liability only, and not to 1946 liability. But petitioner failed to make any such argument in the Tax Court, and in effect conceded that the assumption of liability was for both years. The Tax Court noted this concession in its opinion. Therefore unusual circumstances being lacking, we think this argument comes too late. See Dall v. C. I. R., 2 Cir., 228 F.2d 526; Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; Nicholson v. C. I. R., 10 Cir., 218 F.2d 240.

■ Furthermore, petitioner agreed to assume liability for income taxes "to accrue for the year 1945." Since the taxes involved were based principally on the distributive shares of partnership profits for the fiscal year ending March 31, 1945, and the period from April 1, 1945, to January 31, 1946, it is true in a broad sense that almost all the liabilities did accrue in 1945, even though the taxes were assessed for both 1945 and 1946. That tax liabilities for taxes payable both in 1945 and 1946 had been assumed by petitioner appears to have been the understanding of all parties to the trans-

action. Further, petitioner's balance sheet as of February 1, 1946, showed an entry of $240,000 to cover the taxes of the individual partners. This sum was apparently calculated to cover their taxes for both 1945 and 1946. It is therefore entirely inconsistent with all its prior acts for petitioner now to assert that the agreement covered only the taxes of 1945.

Petitioner also urges that in any event its liability cannot extend to the value of all the assets transferred, but must be limited to the partners' equity in the partnership assets at the time of transfer. Since, however, the partners' equity, or difference between the total assets and liabilities of the partnership, exceeded the amount of the federal tax claim against the individual partners, the equity alone is adequate to cover the tax claim and the issue raised by petitioner need not be met. See Adler v. Nicholas, 10 Cir., 166 F.2d 674; United States v. Worley, 6 Cir., 213 F.2d 509, certiorari denied Worley v. United States, 348 U.S. 917, 918, 75 S.Ct. 301, 302, 99 L.Ed. 719, 720. Petitioner's transferee liability extends to the total amount of the claim.

Affirmed.